UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

Betty A. Murphy,

    Plaintiff,

    v.

Russell W. Baker and,
KC Transportation,

    Defendants.

Case No. 1:14-cv-375-JVB-RBC

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Betty Murphy's motion to remand the case to state court for lack of jurisdiction. (DE 16.)

**A. Background and Facts**

Plaintiff filed her complaint with the Grant County Superior Court on September 3, 2014. Plaintiff alleges that on September 24, 2012, Defendant Baker, driving for Defendant KC Transportation, entered from the right to the left lane of southbound Interstate 69 and struck the back of her vehicle. Plaintiff also claims Defendant Baker was driving too fast and failed to keep a reasonable look-out before entering into Plaintiff's lane. Plaintiff alleges that Defendant Baker's semi-truck pushed Plaintiff's vehicle into the median.

On November 26, 2014, Defendants Baker and KC Transportation removed the case pursuant to 28 U.S.C. § 1332 (2012). (DE 1.) Defendants assert that this Court has jurisdiction

because the action is between two individuals and a corporation, all from differing states. Plaintiff is a citizen of Indiana, Defendant Baker is a citizen of Kentucky, and KC Transportation has its principle place of business and is incorporated in Maine. Regarding the amount in controversy, Defendants claim that "[w]hile Plaintiffs Complaint seeks an unspecified amount of damages[,] on . . . October 29, 2014, Plaintiff refused to admit her damages are less than $75,000" and thus "the amount in controversy exclusive of interest and costs is greater than $75,000, the jurisdictional threshold required by 28 U.S.C. § 1332(a)." (DE 1 ¶ 9.)

On December 11, 2014, Plaintiff moved to remand the case to the Grant Superior Court, asserting Defendants failed to establish that the amount in controversy is over $75,000. In support of this, Plaintiff submits that, before filing the complaint, she "made a demand of $66,086.15" and since has not asked for an amount more than $75,000. (DE 16 ¶ 6.)

B. Analysis

*(1) Diversity Jurisdiction*

Federal diversity jurisdiction requires that the suit in question be between "citizens of different States" and the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a).

An amount in controversy must be the amount required to satisfy a plaintiff's demands in full on the day the suit begins or the day the suit was removed. *Oshana v. Coca–Cola Co.*, 472 F.3d 506, 510–11 (7th Cir. 2006). After removal, the burden is on the defendant to prove by a preponderance of the evidence that the amount in controversy requirement is met. *Id.* at 511. If a

plaintiff is not clear in the amount in controversy when asked, a good faith estimate is acceptable if feasible and supported by a preponderance of the evidence. *Id.*

Here, Defendants sent Plaintiff a request for admission asking whether "the total of all Plaintiff's damages, tangible and intangible, arising from the accident for which Plaintiff seeks compensation is less than $75,000." (DE 19 ¶ 11.) Plaintiff objected to the request stating that "discovery is ongoing and Plaintiff has not calculated the damages she will ask the jury to allocate." (DE 19 ¶ 11.) By refusing to respond to Defendants' demand, Plaintiff was unwilling to confirm that the amount in controversy was for less than $75,000. "[I]f the plaintiff does not stipulate to damages of $75,000 or less, 'the inference arises that he thinks this claim may be worth more.'" *Oshana*, 472 F.3d at 512 (citing *Workman v. United Parcel Service, Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000)). A party may defeat removal "simply by stipulating that he is not seeking and will neither demand nor accept any recovery in excess of $75,000 exclusive of costs and interest." *Workman*, 234 F.3d at 1000 (citing *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)).

Plaintiff argues that she had already stated that she would not be seeking damages in excess of $75,000 when she sent Defendants a demand letter to settle the case for $66,000. Yet, such letters don't suffice for the purpose of evaluating the amount in controversy. While somewhat informative, the letter was sent long before the lawsuit was even filed. As such, it bears little weight in the Court's consideration.

In making their estimate, Defendants point out that Plaintiff has not provided an updated damage total since the accident and Plaintiff's spinal injuries may be permanent, thus requiring continuous care for the rest of her life. (DE 19 ¶ 14, Ex. B.) Plaintiff advised Defendants in the

request for admission that she will be seeking damages for her pain, suffering, and lost time. (DE 19 ¶ 11, 14, Ex. B.) These factors, combined with Plaintiff's refusal to assert her damages are less than $75,000, show that Defendants have a good faith estimate that Plaintiff's damages will exceed $75,000.

**C. Conclusion**

Plaintiff's motion to remand (DE 16) is denied.

SO ORDERED on February 24, 2015.

                                                s/ Joseph S. Van Bokkelen
                                                JOSEPH S. VAN BOKKELEN
                                                UNITED STATES DISTRICT JUDGE